OPINION
{¶ 1} Defendant-appellant Robin Arlt appeals the jury verdict of the Stark County Court of Common Pleas which found him guilty of involuntary manslaughter, with a firearm specification. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} This case arises out of the February 9, 2002, shooting and resulting death of Robert McAllister.
 {¶ 3} On February 9, 2002, Jackson Township Police Officers were called to investigate a shooting which occurred at appellant's home.
 {¶ 4} Upon arriving at the scene Officer Andrew Kneffler observed a man with visible injuries leaning against a fence with a woman next to him. (T. II. At 190-196). The man was later discovered to be Robert McAllister, Appellant's brother-in-law and the woman was Mr. McAllister's girlfriend, Christine Naugle.
 {¶ 5} Upon entering the house, Officer Kneffler encountered Appellant with blood on his shirt and face. (T. II. At 197). Appellant informed the officer that he shot the victim.
 {¶ 6} According to Appellant, he and the victim were involved in a verbal argument which seemed to be escalating toward physical violence. Appellant went upstairs and retrieved a .22 caliber Rueger rifle, loaded it with ten bullets, returned downstairs and pointed it at the victim, Robert McAllister. Mr. McAllister grabbed the end of the rifle and Appellant fired seven or eight shots at him. Appellant then hit the victim in the mouth with the butt of the rifle and ordered him to leave.
 {¶ 7} Appellant's wife, Jeanne Arlt was also shot in the arm during the shooting.
 {¶ 8} The victim was taken to the Mercy Medical Center Emergency Room where he was admitted and treated for multiple gunshot wounds.
 {¶ 9} As a result of their investigation, Appellant was charged with one count of attempted murder, a felony of the first degree, and one count of felonious assault, a second degree felony.
 {¶ 10} On March 13, 2002, Appellant was indicted on one count of Attempt to Commit Murder, in violation of R.C. § 2923.02, a first degree felony, with a firearm specification and two counts of Felonious Assault, in violation of R.C. § 2903.11(A)(1), second degree felonies, with firearm specifications.
 {¶ 11} On March 15, 2002, Appellant was arraigned and entered pleas of not guilty to the charges.
 {¶ 12} The victim remained in the hospital from February 9, 2002, until May 1, 2002. During that time he underwent three major surgeries. On May 1, 2002, he was discharged to a nursing home.
 {¶ 13} On May 12, 2002, he suffered cardiac arrest and died.
 {¶ 14} On June 20, 2002, the Stark County Grand Jury issued a superceding indictment charging Appellant with one count of murder, in violation of R.C. § 2903.02, with a firearm specification; and one count of felonious assault, in violation of R.C. § 2903.11(A), with a firearm specification. The original indictment was dismissed.
 {¶ 15} The matter proceeded to a jury trial on July 15, 2002. After hearing the evidence and deliberating, the jury found appellant not guilty of the crime of murder as charged in the indictment, but guilty of the lesser included offense of involuntary manslaughter. The jury also found appellant not guilty of the felonious assault of his wife Jeanne Arlt.
 {¶ 16} In a July 22, 2002, Judgment Entry, the trial court sentenced appellant to a determinate five year prison term for involuntary manslaughter to be served subsequent and consecutive to the three year prison term for the firearm specification.
 {¶ 17} It is from this judgment entry appellant prosecutes his appeal, assigning the following errors for our review:
 ASSIGNMENTS OF ERROR I. {¶ 18} "The Appellant Received Ineffective Assistance Of Counsel When His Trial Attorney Failed To Ask For A Jury Instruction Regarding The Victim's Cause Of Death."
 II. {¶ 19} "The Trial Court Erred In Allowing The Jurors To View Photographs Of The Deceased Victim Over The Objection Of Appellant's Trial Attorney."
 I. {¶ 20} In appellant's first assignment of error, he maintains he was denied effective assistance of counsel because his trial counsel failed to request a jury instruction regarding the cause of death of the victim. We disagree.
 {¶ 21} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673. In order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 22} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 23} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 24} Appellant contends his trial counsel failed to request a jury instruction on cause of death. Appellant argues that the jury could have conceivably found that the victim died as a result of something other than the multiple gunshot wounds and complications therefrom even though the deputy coroner testified that such was the cause of death. Appellant premises this argument on testimony regarding intake by the victim of certain food (i.e. McDonald's) and water in contravention of doctor's orders during his recovery.
 {¶ 25} Appellant argues that the jury should have been instructed that they could consider whether the actions of victim's girlfriend in providing him with water and food from McDonald's may have caused his death.
 {¶ 26} The deputy coroner was questioned regarding same and replied that such in no way affected his ruling that the victim's death was a homicide, with the ultimate cause of death being multiple gun shot wounds with complications. (T. II. at 329).
 {¶ 27} The trial court gave the jury the following instruction: "There may be more than one cause of an event. However, if the Defendant's act or failure to act was one cause, then the existence of other causes is not a defense. The Defendant is responsible for the natural consequences of the Defendant's unlawful act or failure to act even though death was also caused by an intervening act." (T. IV. at 629.)
 {¶ 28} Upon review, we find that the trial court gave the proper instruction to the jury concerning cause of death.
 {¶ 29} Appellant's first assignment of error is overruled.
 II. {¶ 30} Appellant, in his second assignment of error, argues that the trial court committed error by allowing the jury to view photographs of the victim. We disagree.
 {¶ 31} Under Evid.R. 403 and 611(A), the admission of photographs is left to the sound discretion of the trial court. State v. Landrum
(1990), 53 Ohio St.3d at 121; State v. Maurer (1984), 15 Ohio St.3d 239, paragraph seven of the syllabus.
 {¶ 32} The jury was allowed to see, over objection of Appellant's counsel, two sets of photographs. The first set included four photographs taken by Christine Naugle of the victim laying in his hospital bed at Mercy Medical Center, demonstrating his injuries.
 {¶ 33} The second set included three autopsy photographs depicting the victims wounds, including a gunshot wound to his abdomen, another gunshot wound and damage to his teeth. The deputy coroner used these photographs during his testimony to illustrate and explain the victim injuries to the jury. (T. II. at 303).
 {¶ 34} We have reviewed the seven photographs at issue, all of which depict the wounds suffered by the victim. The photographs serve purposes that have time and again been found sufficiently probative to overcome their inherently disturbing nature. The photographs helped the jury appreciate the nature of the crimes, they illustrated the coroner's testimony, and, by portraying the wounds, they helped to prove Appellant's intent and the lack of accident or mistake. See State v.Coley (2001), 93 Ohio St.3d 253, 266; State v. Tibbetts (2001),92 Ohio St.3d 146, 156-157; State v. Evans (1992), 63 Ohio St.3d 231,250-251. Further, the fact that several of the photographs show the same wounds does not automatically mean that they are repetitive. Several of the photographs establish the location of a wound but fail to depict the wound as clearly as another photograph that presents a closer view of the wound — which in turn fails to establish the location of the wound as clearly as the more distant photograph. Therefore, we conclude that, given the substantial probative value of the photographs and the fact that they were not particularly inflammatory, coupled with the consequent lack of any unfair prejudice to Appellant, the trial court did not abuse its discretion in admitting the evidence. See Coley, 93 Ohio St.3d at 265
("Decisions on the admissibility of photographs are `left to the sound discretion of the trial court,'" quoting State v. Slagle (1992),65 Ohio St.3d 597, 601). See, also, Landrum, 53 Ohio St.3d at 121; Statev. Morales (1987), 32 Ohio St.3d 252. Further, even if we were to say that because some of the photographs show several of the same wounds from varying distances — a characteristic that the Ohio Supreme Court regarded as nonreversible error in State v. Thompson (1987),33 Ohio St.3d 1, 9 — there is no doubt that any such error here is harmless because of the abundant evidence against Appellant. See Id. See, also, State v. Moore (1998), 81 Ohio St.3d 22, 32-33.
 {¶ 35} Appellant's second assignment of error is overruled.
 {¶ 36} The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Boggins, J., Wise, J. and Edwards, J. concur.